# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIMITRI EYE CENTER, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9247** |
| **MARYLAND CASUALTY COMPANY, ZURICH AMERICA INSURANCE COMPANY, SYLVIA WAMPLER, INDEPENDENT INSURANCE ASSOCIATES, INC., AND ABC INSURANCE COMPANY** | **SECTION B(4)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand (Rec. Doc. No. 9). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED.**

Plaintiff contends removal was untimely because its petition for damages was served on the Secretary of State for the State of Louisiana on September 27, 2006 but the Notice of Removal was not filed until October 31, 2006. "[N]otice of removal of a civil action proceeding shall be filed within thirty (30) days after receipt by the defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. §1146(b). "[A]ctual notice, rather than statutory service on the Secretary of State, triggers the thirty day period for removal." *Martin & Pannagl, Ltd v. Scottsdale Ins. Co.*, 2007 WL 708780 *1 (E.D. La. 03/05/2007).

Defendant, Maryland Casualty Company asserts that removal was timely because it did not actually receive notice of the petition from the Secretary of State until October 3, 2006. However, the evidence suggests that in 1951 Defendant executed an actual appointment designating the Secretary of State as its actual agent for service of process. Therefore, the Court finds that service

upon the Secretary of State constituted actual service upon Defendant.  Consequently, Defendant's notice of removal is untimely because it was not filed within thirty days of the receipt of Plaintiff's petition on September 27, 2007.  Accordingly,

**IT IS ORDERED THAT** Plaintiff's Motion to Remand is **GRANTED.**

New Orleans, Louisiana this 10th day of April, 2007.

UNITED STATES DISTRICT JUDGE